# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JASON MARCUS JONES, | |
|     Plaintiff, | |
| v. | 2:15-cv-01720-RFB-GWF |
| ROMEO ARANAS et al., | **ORDER** |
|     Defendants. | |

This is an action on an amended civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court. The Court entered a screening order on November 16, 2016. (ECF No. 20). The Court appointed pro bono counsel. (ECF No. 25). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 20, 28). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 31).

While awaiting the appointment of pro bono counsel, Plaintiff, *pro se*, filed a motion for court order for medication. (ECF No. 23). The Court denies the motion, without prejudice, and directs Plaintiff's pro bono counsel to re-file the motion if necessary.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 15) on the Office of the Attorney General of the State of Nevada, attention Barbara Fell.

2. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m)

3. Subject to the findings of the screening order (ECF No. 20), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **sixty (60) days** from the date of this order.

6. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any document received by a district judge, magistrate judge, or the Clerk of the Court which fails to include a certificate showing proper

service.

7. The motion for court order for medication (ECF No. 23) is denied without prejudice.

DATED: This  18th  day of August, 2017.

_____
United States Magistrate Judge